### No. 8961.

THE STATE OF LOUISIANA VS. ALFRED H. PORTER AND HENRY STOWE.

35 1159
50 313

In criminal practice no rule compels the trial Judge to charge the jury in the identical terms and language suggested by counsel for the accused. A charge embodying substantially the principle invoked by the accused, and containing a correct exposition of the law regulating the point involved, is sufficient and will be maintained by the Supreme Court. The following charge was properly refused in a criminal trial, as being argumentative and involving nice distinction in metaphysics, which it is not the province of the court to expound to a jury:

"In cases of wanton cruelty, the presumption is always against the State, for no man is cruel without some interest, without some motive of fear or hate."

A PPEAL from the Criminal District Court for the Parish of Orleans. *Luzenberg, J.*

*J. C. Egan*, Attorney General, for the State, Appellee.

*F. D. Chrétien* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Porter, one of the defendants herein, appeals from a conviction of manslaughter and a sentence of ten years' hard labor, and complains:

1. That the trial Judge erred in refusing to give to the jury at his request, the following charge:

"Proof of good character is good evidence, and is entitled to be considered with as much weight as any other evidence, on the trial of

the case. If, in consideration of the testimony, that of the peaceful and quiet disposition of the accused, taken in connection with the other evidence, creates a doubt in your mind as to his guilt, he is entitled to the benefit of the doubt, and if his good character be proved to the satisfaction of the jury, it should produce an acquittal, even in cases where the whole evidence slightly preponderates against the accused."

The Judge's ruling is explained and supported by the following very satisfactory reasons:

" The jury had already been instructed that good character, when proved, was a fact to be taken into consideration by the jury just like any other fact in the case. Indeed, that proof of good character was sometimes sufficient to create in the minds of the jury the reasonable doubt which operated the acquittal of the accused, and which, without such proof, could not possibly exist."

The difference, if any, between the charge given by the court and that suggested by counsel, is not very apparent to our minds, and we seriously doubt that the jury could discern the difference, and that such difference could have had the remotest influence on their finding. The slight shade of difference between the two charges is favorable to the construction adopted by the Judge of the law which regulates the point in controversy. The charge as given was amply liberal to the accused, and strips him of all right of complaint in this connection State vs. Garic, 35 An.

The trial Judge, who embodies in his charge the substantial meaning of an established principle of law invoked by the accused, and thus correctly expounds the accepted doctrine involved in the matter, has done his duty both to the State and to the accused. Nothing more can be required of him. No rule of law or of criminal jurisprudence can exact of a Judge the adoption of the very language suggested by counsel for the accused in a charge which the latter may seek from the court.

2. The defendant next urges error in the refusal of the following charge:

" In cases of wanton cruelty, the presumption is always against the State; for no man is cruel without some interest, without some motive of fear or hate."

The court correctly held that this utterance partakes more of the character of an argument than the declaration of an established rule of evidence. The duty of expounding the law to the jury does not impose on the Judge the painful task of submitting to their consideration a thesis on the subtleties of metaphysics. When the evidence proves

against the accused the commission of an act of wanton cruelty, the law and the jury have little concern with the motive which prompted the perpetration of the crime.

3. In his brief, and for the first time, counsel for the accused alleges an error apparent on the face of the record, which is alleged to show that, on the trial of an indictment for murder, the jury returned a verdict of guilty recommending the accused to the mercy of the court, which was followed by a sentence of ten years in the State Penitentiary. It is charged that the verdict is not responsive to the indictment and that the sentence is illegal. This complaint is not brought to our notice in any of the modes or forms prescribed by law or exacted by criminal jurisprudence. It is not supported by a motion in arrest of judgment, and is not embodied in an assignment of errors, and hence the matters urged therein cannot avail the accused in this Court. State vs. Arthur, 10 An. 265; State vs. Bass, 12 An. 862.

But, as this Court might of its own motion have noticed such a glaring inconsistency, if it existed as charged, we have examined the record and have ascertained that the complaint is absolutely groundless.

The record shows that, under an indictment for murder the accused had been tried for manslaughter, had been convicted thereof and sentenced thereunder to a term of ten years in the State Penitentiary. If the complaint of the accused had been substantiated by the record, he would have occupied the unprecedented attitude of a party complaining that he should have been hung instead of being condemned to hard labor for ten years. We find no error in the proceedings which could justify our interference in behalf of the appellant.

Judgment affirmed.